Page - 9

- IDENTITY OF PARTIES -

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

JUL 1 4 2015

CHRISTOPHER A. PRINE
CLERK

Relator:
Mr. Ted Lawrence Robertson
#1175868
Beto Unit
1391 F.M. 3328
Tennessee Colony, Tx. 75880

Respondent:
174th Harris County District Court / Judge George Godwin / Judge Ruben Guerrero
1201 Franklin
Harris County Criminal Justice Centre
Houston, Tx. 77002

# -TABLE OF CONTENTS-

|                                              | Page              |
|----------------------------------------------|-------------------|
| Identity Of Parties                          | i                 |
| Table Of Contents                            | ii                |
| Index Of Authorities                         | iii               |
| Statement Of The Case                        | 1,2,3             |
| Statement Of Jurisdiction                    | 3                 |
| Issues Presented                             | 3                 |
| Statement Of Facts                           | 3,4               |
| Argument                                     | 5,6,7,8,9,10,11,12,13,14,15 |
| Prayer                                       | 15                |
| Certification                                | 16                |
| Appendix                                     | 16                |
| Certificate Of Service                       | 17                |
| Affidavit Of Inability To Pay Costs          | 17,18             |

-INDEX OF AUTHORITIES-

Cases:                                              Page #:

In re: ALPERT, 276 SW.3d 592                          - 14

Amateur Intl. Kennedy v HOFFMAN, 893 SW.2d 602       - 15

In re: CHILDY, 288 SW.3d 328                          - 15

Custom Corp. v Security Storage, 207 SW.3d 835       - 9

Dunn v Street, 938 SW.2d 33, 35                       - 9

Eagle Storail Corp. v NETTER, 766 SWD2d 39           - 15

In re: FLORES, 111 SW.3d 817                          - 14

Gearhart v Hayes, 201 F.3d 646                        - 13

Hernandez v Lopez, 288 SW.3d 180       - 6, 7, 8, 9, 10, 11, 12, 13, 15

In re: KIMBALL HOMES, 969 SW.2d 243                  - 15

Law Office of Tooley v Feltner, 140 SW.3d 407        - 5, 9

In re: Office of Attorney Gen. of Texas, 264 SW.3d 800  - 14

Roman Catholic Diocese v County of Dallas, 228 SW3d 475  - 7, 8

Rosen v HOFFMAN, 843 SW.2d 658                        - 15

In re: Sm Euel. Systbank, 116 SW.3d 115              - 12, 13, 14

In re: Small, 286 SW.3d 525                          - 14

South Main Bank v NETTER, 909 SW.2d 243             - 15

Ware v State, 62 SW.3d 344                           - 6, 8

West Texas State Bank v Capital Mgmt. Corp., 723 SW.2d 304  - 5, 9, 13

-STATE LAW STATUTES-

Texas Rules Civil Procedure # 376   - 5, 6, 7, 8, 9, 10, 11, 12, 13, 15

Texas Rules Civil Procedure, 91(a)  - 5, 6, 7, 8, 9, 10, 11, 12, 13, 15

Texas Rules Civil Procedure, # 309b  - 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

- CAUSE # 940376 -

| | |
|---|---|
| In Re: | X In The Texas Court Of Appeals |
| Ted Lawrence Robertson | X First District Of Texas |

Petition For A Writ Of Mandamus-

To The Honorable Justices/Judges Of Said Court:

Comes now Ted Robertson, Relator Pro-Se, In The Above-Captioned Cause, And Pursuant To The "T.R.A.P. Rule #52 (et-seq.) Original Proceedings" Respectfully Moves The Court To Immediately Declare The Nunc-Pro-Tunc Judgment, Issued By 174th Harris County District Court In Cause # 940376 On February 11, 2009, To Be "Void" And "Immediately Issue A Writ Of Mandamus And/Or Order That Affects/Orders The Respondent(s), To Immediately Vacate, Rescind And/Or Set-Aside, The Nunc-Pro-Tunc Judgment Issued By 174th Harris County District Court, In Cause # 940376, On February 11, 2009".

Relator, Respectfully Moves The Court To "Take Judicial Notice" Of The "Relators Attachments/Exhibits, to wit:

Exhibit # 22 Original Written Rendition Of Judgment In Cause # 940376

Exhibit # 39- Nunc-Pro-Tunc Judgment, In Cause # 940376 (Pg # 1-4)

And In Support Thereof, Relator Would Show The Court, The Following:

I

-Statement Of The Case-

1) June 10, 2003, Relator Was Convicted, In Cause # 940376, In 174th Harris County District Court, Of Alleged Offense Of Violation Of A Protective Order' which Is "A Class-A Misdemeanor," That Was 'Enhanced To A Third (3rd) Degree Felony', Due To "Indictment's Allegation Of Assault". (Ex # 22)

— Cause # 940376 —

② Punishment/Sentence In Cause # 940376 "Was" Assessed/Punished At (25) Twenty-Five Years In Texas Dept. Criminal Justice (Ex. #22)

③ June 10, 2003, 174 Trial Court Judge, George H. Godwin, Rendered/Signed", The Original Written Rendition Of Judgment In Cause # 940376, Which "Is Relators Exhibit #22" (Ex)

④ Original Written Rendition Of Judgment In Cause # 940376, States, In Pertinent Part:

Plea To Enhancement(s) — 1st Paragraph (N/A) — Not Applicable                    (Ex. #22)

Plea To Enhancement(s) — 2nd Paragraph (N/A) — Not Applicable                    (Ex. #22)

Finding On Enhancements — 1st Paragraph — (N/A) — Not Applicable                 (Ex. #22)

Finding On Enhancement(s) — 2nd Paragraph (N/A) — Not Applicable                 (Ex. #22)

⑤ Original Written Rendition Of Judgment In Cause # 940376, (Was Issued On June 10, 2003, Thus, "174th Trial Court's Plenary Power/Jurisdiction Over Cause # 940376" Had "Expired On Or Before December 31, 2003, (Ex. #22 — T.R.C.P. # 329b (d)/(f)

⑥ February 11, 2009, The "Respondent Rendered And Signed" A 'Nunc-Pro-Tunc Judgment In Cause # 940376, That "Altered and/or Modified, The Original Written Rendition Of Judgment In Cause # 940376, That Was "Entered/Issued/Rendered And Signed By 174 Trial Court Judge George H. Godwin, On June 10, 2003". (Ex. #22 — Ex. #29)

⑦ Nunc-Pro-Tunc Judgment, In Cause # 940376", States, In Pertinent Part:

Plea To Enhancements) — 1st Paragraph — Not True                                (Ex. #29)

Plea To Enhancements(s) — 2nd Paragraph — Not True                              (Ex. #29)

Finding On Enhancements) — 1st Paragraph — True                                 (Ex. #29)

Finding On Enhancement(s) — 2nd Paragraph — True                               (Ex. #29)

⑧ Nunc-Pro-Tunc Judgment, Rendered By Respondent, In Cause # 940376 On February 11, 2009, Is "Void"

## Cause #940376-

(9) "In November 2009, or Early In 2010, Relator Filed A Motion To Vacate and/or Set-Aside Nunc-Pro-Tunc Judgment, Entered By Respondent In Cause #940376 On February 11, 2009." (Relator Has Attached A Copy Of Said Nunc-Pro-Tunc Judgment, And It Is Exhibit #39)

## -STATEMENT OF JURISDICTION-

"This Court Has Jurisdiction To Correct A Clear Abuse Of Discretion." And/or "Failure To Perform A Ministerial Duty."

## -ISSUES PRESENTED-

(1) Void Nunc-Pro-Tunc Judgment, In Cause #940376
(2) Non-Clerical Error, In Cause #940376
(3) Abuse Of Discretion, By Respondent, In Cause #940376
(4) Failure To Perform Ministerial Duty, By Respondent, In Cause #940376
(5) Denial Of Due Process and/or Equal Protection Of Law, By Respondent, In Cause #940376
(6) No Adequate Remedy By Appeal
(7) No Adequate Remedy By Law

## -STATEMENT OF FACTS-

(1) Void Nunc-Pro-Tunc Judgment, In Cause #940376
(A) Nunc-Pro-Tunc Judgment Rendered In Violation Of Law; Tex.Crp. 309b(a)(4); #11(a) #326
(B) Nunc-Pro-Tunc Judgment, Attempts To Correct Judicial Error/Reason After Expiration Of Trial Court's Plenary Power/Plenary Jurisdiction; Tex.Crp. 326, 309b(a)(4)

## -Cause #940376-

(2) Non-Clerical Error In Cause #940376:

(A) Nunc-Pro-Tunc Judgement, Alters/Modifies An Element That 'Fails' To Be A Clerical Error; Plea + Evidence On Enhancement Paragraphs

(3) Abuse Of Discretion By Respondent In Cause #940376:

(A) Respondent, Judge Ruben Guerrero / 174th District Court, Could Have Reasonably Reached Only One Decision, Concerning Motion For Nunc-Pro-Tunc Judgement; DENIAL

(B) Respondent, Failed To Analyze Or Properly Apply The Law Correctly, To The Facts; T.R.C.P. #329b (d)(f), #21(a), #316

(4) Failure To Perform A Ministerial Duty By Respondent In Cause #940376:

(A) Respondent Had A Ministerial Duty (No Discretion) To Deny Motion For A Nunc-Pro-Tunc Judgement, And/Or 'Vacate', And/Or Set-Aside Nunc-Pro-Tunc Judgement In Cause #940376, According To The Law; T.R.C.P. 316, 329b (d)(f), #21(a)

(5) Denial Of Due Process And/Or Equal Protection Of Law By Respondent In Cause #940376:

(A) Relator Was Denied Notice Of, And/Or Presence On, Nunc-Pro-Tunc Judgement, Cause #940376; T.R.C.P. #316, 329b (d)(f), #21(a)

(B) Respondent Failed To Certify (With Mandate/Law; T.R.C.P. #316, #21(a), #329b (d)(f)

(6) No Adequate Remedy By ████ Appeal:

(A) All Appellate Time Limits Have Expired

(7) No Adequate Remedy By Law:

(A) Mandamus Is Relator's Only Adequate Remedy

## -Cause #940376-
## -ARGUMENT-
## I- VOID NUNC-PRO-TUNC JUDGMENT -I

The "Nunc-Pro-Tunc Judgment, Entered By Respondent In Cause #940376 On February 11, 2009, In 174th Harris County District Court," Is "Void" Because "Relator Was Denied Notice Of," And/or "Hearing On," The "Motion For Nunc-Pro-Tunc Judgment." (Tx.R.C.P. #316, 21(a))

"When Trial Court Modifies A Judgment,... The "Trial Court Must Not Present To A Appeal," And "Must Provide Notice And Hearing." (Law Offices Of Turley v. Leach, 140 SW.3rd 497 - Tx.R.C.P. #316, 21(a))

"The Original Written Judgment In Cause #940376," Was "Rendered On June 10, 2003," And "Therefore" "Respondent/174th District Court's Plenary Power Or Jurisdiction Over Cause #940376," Had "Expired On Or Before December 31, 2003." (b.#22 - Tx.R.C.P. #329b (d)(f), #316, #21(a))

"Failure To Give All Interested Parties Notice Of Motion Pertinent To Correct Judgment By Nunc-Pro-Tunc Judgment," "After" "Expiration Of Trial Court's Plenary Jurisdiction, Renders Any Correction," A "Nullity/Void" (Anthony State Bank v. Gentles, Nguyen, Corp., 783 SW.2nd 304 - Tx.R.C.P. #316, 21(a), 329b(d))

"Texas Rules Of Court Procedure, Rule #316 Correction Of Clerical Mistakes In Judgment, States In Pertinent Part:

"Clerical Mistakes In Records Of Any Judgment," "May Be Corrected By Judge Under Entry," "... After Notice Of The Motion, Has Been Given To The Parties Interested In Said Judgment, As Provided By Rule# 21(a)," And "Therefore," The "Judgment Shall Conform To The Judgment As Rendered." (Tx.R.C.P. #316, #21(a))

"Nothing," In The Records, In Cause #940376," Reveals That Respondent Complied With The Mandate Of The Rules Of Court Procedure, Rule #316, And/or Rule 21(a).

-Cause #94C376-

"The Nunc-Pro-Tunc Judgment, Issued By Respondent In Cause #94C376 On February 11, 2008, Is Also "VOID," because "The Evidence Is Insufficient To Support The Judgment's / Final Order's Implied Finding," That "The Original Written Revocation Of Judgment In Cause #94C376," (Ex #22) Other Than Indicating That Relator's Plea To, and "Jury's Finding On, "Not" Enhancement Paragraphs," Was "Not-Applicable (N/A)," Otherwise Amounts "Contains A Clerical Error." (Hernandez-v-Lopz, 288 S.W. 3rd 180-Ft. 22 (4)

In Hernandez-v-Lopz, 288 S.W. 3rd 180," This "Texas First Court Of Appeals, States, In Pertinent Part:

"The Trial Court's Signing Of The Judgment,' Constitutes The Rendition Of Judgment, and Because The Error Complained Of, Was Present In Trial Court's Rendition Of Judgment On Trial Day, The "Error, If Any, Constitutes Judicial Error (Hernandez-Hidez 288 S.W. 3rd 180-T. Ex. Tustee, 56 S.D. 3rd 265, 268-Ex. 22, 29)

"Error Present, During Rendition Of Judgment,' Is "Always Judicial Error," Which "May 'Not' Be Corrected By Nunc-Pro-Tunc Judgment" (Hernandez-v-Lopz, 288 S.W. 3rd 180-Ex. 22, 29)

"Even An Incorrect Or Unauthorized Rendition Of Judgment, Has 'Not' Constitute An "Error In The Entry or Recordation Of The Judgment," And Cannot Be Corrected By A Nunc-Pro-Tunc Judgment" (Hernandez-v-Lopz 288 S.W. 3rd 180-Ft. 22, 29)

"Nunc-Pro-Tunc Judgment,' That Attempts To Correct A Judicial Error, After' Plenary Jurisdiction Has Expired, Is "VOID." (Mann Cnty-Disease-v-County Of Wichs, 288 S.W. 3rd 475 Hernandez-v-Lopez 288 S.W. 3rd 180-TN 1st MG 2006 (N.) 2nd-Ex. 22, 29)

"Nunc-Pro-Tunc Judgments May 'Not' Be Used,' To "Correct Judicial Omissions" (White-v-State, 62 S.W. 3rd 344-N.Cr. #316, 2nd 329h (N.) - Ex. 22, 29)

**-Cause # 940,376-**

"Even If Trial Court, Incorrectly Rendered Judgment," The Trial Court "Cannot Alter A Written Judgment," That "Precisely Reflects The Judgment Rendered." (Hernandez-v-Lopez, 288 SW 3rd 180 -Ex #23, #39)"

Therefore, "The Trial Courts Signing Of The Judgment, In Cause #940,376 Constituted "The Trial Courts Rendition Of Judgment," And "Because The Item Complained Of," to wit; "Plea To 12th Enhancement Paragraphs," And "Jury's Findings, On 130th Enhancement Paragraphs, Was "Present In Trial Courts Rendition Of Judgment, On That Day," Of "June 30, 2003," Then The "Error, If Any" Constitutes "Judicial Error." (Hernandez-Lopez, 288 SW 3rd 180 Ex. #23, #39)(T.R.C.P. 316, 31(a), 309b (H.Y.P.)

Thus, "Nunc Pro Tunc Judgment" Is "Void," Because "Nunc Pro Tunc Judgment, At First, Attempts To Correct," An "Alleged Judicial Error, Harassed," And "Fails To Correct," A "Clerical Error," After" The "Expiration Of The Trial Court's Plenary Power / Plenary Jurisdiction." (T.R.C.P. 316, 31(a), 309 b(H.Y.P.)

"Nunc-Pro-Tunc Judgment, That "Attempts To Correct, A Judicial Error, After" Plenary Jurisdiction, Has Passed Is "Void" (Kenned-Ion Verose-v-County of Dallas 238 W 3rd @ 475 -Hernandez-v-Lopez, 288 SW 3rd 180)

Thus, "Nunc-Pro Tunc Judgment, Rendered By Respondent, In Cause #940,376 On February 11, 2009 In 174th Harris County District Court," Is "Void," The "Sentence Assessed And/Or Imposed In Cause #940,376, Is An Illegal, And Void Sentence," The "Judgment Of This Court In Cause #01-03-06-3312 Is "Void" Due To "Lack Of Jurisdiction By This First Court Of Appeals," The "Conviction In Cause #940,376, Fails To Be A Final Judgment, And "Cause #940376 Must" Be Remanded To 174th Harris County Court, For "New Judgment / Sentence." (Ex #23, 39 Hernandez-Lopez, 288 SW 3rd 180)

"This Texas First Court Of Appeals, Set The Precedent In The Case Of, "Hernandez-v-Lopez, 288 SW 3rd 180," And "This Court Cannot Ignore, or Disregard It's Own Precedent." (Hernandez-Lopez 288 SW 3rd 180 -Ex #23, #39

# -Cause #940376-
## -ARGUMENT-
## II NON-CLERICAL ERROR - II

"The Nunc-Pro-Tunc Judgment In Cause #940376 Issued By Respondent In 174th District Court On February 1st 2009", Is "An Attempt To Alter, At Best, A "Judicial" Error, or A Judicial Omission, touching "Plea To Both Enhancements, and "True's Finding On Both The Enhancements." (R. #22, #29) (Hernandez-Lopez, 288 S.W. 3rd 180)

This "Texas First Court Of Appeals", In "Hernandez Lopez, 288 S.W. 3rd 180" States, In Relevant Part:

"The Trial Court's Signature Of The Judgment", Constitutes "It's Rendition Of Judgment", And "Because The Clerk Consequence, Was Present In Trial Court's Rendition Of Judgment On That Day", The "Error, If Any, Constitutes "Judicial Error." (Hernandez-Lopez 288 S.W. 3rd 180 - (R. #22, #29)

"Error Present, During Rendition Of Judgment", Is Always Judicial Error, which "May Not Be Corrected By Nunc-Pro-Tunc Judgment." (Hernandez-Lopez, 288 S.W. 3rd 280 - R. #22, #29)

Thus, "Said Nunc-Pro-Tunc Judgment", Is "VOID", Because "It Attempts To Correct, If Anything At All, And At Best, A Judicial Error / Judicial Omission, After Expiration Of Plenary Jurisdiction / Power." (R. #22, #29 Hernandez Lopez 288 SW 3rd 180 (Compare Gatti, Alcocke-v-County Of Dallas, 288 SW 3rd 475 - Tex.App #316 "339(a)(4)")

"Nunc-Pro-Tunc Judgments, May Not Be Used, To Correct Judicial Omissions." (Ware-v-State, 62 SW. 3rd 344 - Tex.App #316 399(a)(4) )

## -Cause # 940376-
## -ARGUMENT-
## III - ABUSE OF DISCRETION -III

"The Respondent Committed An Abuse Of Discretion," By "Issuing Said Nunc-Pro-Tunc Judgement, In Cause # 940376, On February 11, 2004," because "Said Nunc-Pro-Tunc Judgement," Is "VOID." (R. 38, 39)

"Said Nunc-Pro-Tunc Judgement," Is "VOID", because "The Alleged Error Complained Of, to wit; 'Plea To Enhancements' and 'Findings On Enhancements, Was "Present Outside The Knowledge Of Judgement, On That Day," Of "June 20, 2003', And Thus The Error Complained Of If Any," Constitutes "Judicial Error". (Hernandez-Lopez, 288 S.W. 3rd 180 - R. #38, 39 - F.N.'s #316, #39b)

Error Present Outside Knowledge Of Judgement, Is Always Judicial Error", Which "May Not Be Corrected By Nunc-Pro-Tunc Judgement. (Hernandez-Lopez, 288 S.W. 3rd 180 - R. 38, 39 - F.N.'s #316, #39b (F.N.) #31a

Also, "Said Nunc-Pro-Tunc Judgement, Is "VOID" because Relator Was Never Notice Of, And Hearing On, The "Motion For Nunc-Pro-Tunc Judgement". "Failure To Give All Interested Parties Notice Of Motion / Intention To Correct Judgement, By Nunc-Pro-Tunc, "AT All," Regardless Of Trial Court's Plenary Jurisdiction, Renders Any Correction, A "Nullity / Void. (In re Fain, Shawn O'Grady S. Mganntt, Resp. 903 S.W. 2nd 304 - F.N. #316, #31a, #39b (F.N.) (Hernandez-Lopez, 288 S.W. 3rd 180 - R. 38, 39 New Line Of Tucker v. Turner, 40 S.W. 3rd 467)

"Issuance Of A VOID Order," Is An "Abuse Of Discretion." (In re Judge Edward, 301 S.W. 3rd 835 - R. #38, #39 F.N.'s #316, #31a, #39b (d.N.)

"Mandamus Will Issue To Compel Trial Court To Produce / Newline," because "Failure / Non Crime", Is Necessarily "An Abuse Of Discretion", For "When The Necessary Newline Process Is Inadequate." (Chaney v. Street, 438 S.W. 3rd 33, 35 - R. 38, #39 - F.N.'s (F. #316, #31a, #39b (d.N.)

-CAUSE # 940376-

It's "IMPOSSIBLE", To "SUGGEST", And "NOTHING In The Record In Cause #940376 SUGGESTS", That "RESPONDENT NEEDED RESPONDENT'S PERSONAL Recollection Of Facts, Surrounding Cause #940376, To Determine The Motion For Nunc-Pro-Tunc Judgment", Because "Cause #940376, Was Presided Over By The Hon. Judge GEORGE H. GODWIN In 174th District Court In 2003 (Ex. #22)", However, "RESPONDENT Became The Judge In 179th DISTRICT Court", In "2009". (Ex. #20, #19) (Exhr. 976 Subparag's)

"Relator Moves The Court To, "TAKE JUDICIAL NOTICE", Of THE Following:

① "ORIGINAL WRITTEN REMITTER Of JUDGMENT In Cause #940376, WAS "Issued On June 10, 2003", (Ex. #22)

② Nunc-Pro-Tunc JUDGMENT "WAS "Issued February 11, 2009", WHICH Is "FIVE- SIX (5-6 YRS.) YEARS, AFTER, Trial Court's PLENARY JURISDICTION EXPIRED, In Cause #940376, (Ex. #20, #19-T.R.C.P. #329b (d) ) 316.2(a)

③ "Nunc-Pro-Tunc JUDGMENT", Is "ALLEGED By RESPONDENT," To Have Been Entered On June 11, 2003, (Ex. #19, #3)

④ "Nunc-Pro-Tunc JUDGMENT, "FAILS" To Be "SIGNED", By "PRESIDING JUDGE; HON. JUDGE GEORGE H. GODWIN", On June 11, 2003 (Ex. #19, #3)

⑤ "It's IMPOSSIBLE For Nunc-Pro-Tunc JUDGMENT Hearing, To "Be Entered On June 11, 2003, WHEN Trial Court Still Had Plenary Jurisdiction," But "THE Motion For Nunc-Pro-Tunc JUDGMENT And Hearing, WAS "Filed and Conducted, On "February 11, 2009, Some FIVE-SIX Years LATER". (Ex. #19, #3, Ex. #7-T.R.C.P. 316, #329b (d) ) #21 a) (HERNANDEZ-LOPEZ 788 S.W. 3rd 180)

Cause#940376-

6) "If Presiding 174th Trial Court Judge, George H. Godwin," Had "Entered Said Nunc-Pro-Tunc Judgment," On "June 11, 2003," As "Urged By Respondent, Judge Kristin Guerrero" Then "Trial Court Still Maintained Retained Plenary Jurisdiction, Over Cause #940376," Then "There Would Have Been No Need, Or No Reason, For," A "Nunc-Pro-Tunc Motion, Hand-Made Nunc-Judgment, Five-Six Years Later," On "February 11, 2009." T.R.C.P. #29, R.C. -3), T.R.C.P. #316, #21(a), 329b(d)(f)"

"Respondent 'Failed' To Analyze, In Initially Apply, The 'Law Correctly To The Facts,' Concerning 'My Nunc-Pro-Tunc Motion, Hand-Made Nunc-Judgment, On 'February 11, 2009', to wit,' Texas Rules of Civil Procedure #316, #21(a), Nunc, #329b (d)(f)', Because 'Texas Texas Rule Of Civil Procedure, Rule #316, 21(a) Nunc 329b (d)(f)', Leave Have That 'Respondent Has No Discretion,' Nor/or 'Respondent Could Have Extensively (Potentially) Exercised Only One Decision,' Concerning 'Motion For Nunc-Pro-Tunc Judgment,' On 'February 11, 2009', to wit; 'DENIAL' (Hernandez-v-Lopez, 268 S.W.3rd 180 - R. T.R., #59 T.R. Civil Pro. #316, #21(a), #329b (d)(f)

"Nunc-Pro-Tunc Judgment, 'Constitutes' An Abuse Of Discretion By Respondent, On 'February 11, 2009."


## IV. FAILURE TO PERFORM A MINISTERIAL DUTY - IV

"Respondent Had A Ministerial Duty," To "Deny" The "Motion For A Nunc-Pro-Tunc Judgment," Nor/or "To Vacate and/or Set-Aside" The "Nunc-Pro-Tunc Judgment," Because "The Law," to wit, "Texas Rule, Of Civil Procedure, rule # 316, #21(a), and/or #329b (d)(f)," And "Established Case Law", to wit; "Hernandez-v-Lopez, 268 S.W.3rd 280,"

AND "THE ALLEGED ERROR COMPLAINED OF;" "to wit;" "PLEA TO ENHANCEMENTS" AND "EVIDENCE ON ENHANCEMENTS", PROVIDE "CONCLUSIVE PROOF" THAT "RESPONDENT LACKED JURISDICTION IN THE SENTENCING ISSUE, AND "RESPONDENT LAUD HAVE ERRONEOUSLY / NATIONALLY REMOVED ONLY ONE DIRECTION", "to wit;" "DENY" THE "MOTION FOR NUNC-PRO-TUNC JUDGMENT", AND/OR "VACATE OR SET-ASIDE", THE NUNC-PRO-TUNC JUDGMENT.

THERE, PRESENT INVALID REVOCATION OF JUDGMENT, IS "ALLEGED INVALID PROOF", WHICH "MAY NOT BE CORRECTED BY NUNC-PRO-TUNC JUDGMENT. (HERNANDEZ-V-LOPEZ, 288 S.W. 3rd 180- Tex. App. '09, 329- Tex. Crim. 316, State) "ACT IS MINISTERIAL, IF IT DOES NOT INVOLVE THE EXERCISE OF DISCRETION. CRIM. PRO. R.R.G. ESTRUCK, 343 S.W. 3rd 497- Tex. App. 316, State), #329 b (d) (A) - 2, #77, '09 Hernandez-Lopez, 288 S.W. 3rd 180) "RESPONDENT HAS FAILED"; TO "DENY", THE "MOTION FOR NUNC-PRO-TUNC JUDGMENT, ON FEBRUARY 1, 2009" AND "RESPONDENT HAS FAILED" TO, "VACATE AND/OR SET-ASIDE" SAID "NUNC-PRO-TUNC JUDGMENT", WHEN "ASKED TO DO SO, BY RELATOR."

THUS, "RESPONDENT HAS FAILED" TO PERFORM A MINISTERIAL DUTY."

- ARGUMENT -
**II - DENIAL OF DUE PROCESS AND/OR EQUAL PROTECTION OF LAW II**

"RELATOR, WAS DENIED DUE PROCESS, AND/OR EQUAL PROTECTION OF LAW" to wit; "RELATOR, WAS DENIED, NOTICE OF, AND "HEARING ON", THE "SAID NUNC-PRO-TUNC JUDGMENT, AND THEREFORE "SAID NUNC-PRO-TUNC JUDGMENT, IS "VOID". (ART. C. P. # 316, #34(A) #329 b (d) (A")

# Cause #940376-
## -ARGUMENT-

The "Original Written Conviction Of Judgment, In Cause #940376," Which Is "Relator's Exhibit #22," Was "Rendered Issued On June 10,2003," And Therefore, "Respondent Trial Court's Plenary Jurisdiction, Expired On Or Before November, 2003." (R. #22 - T.R.C.P. #329b (d)(H) - Ex. #39)

But, "Said Nunc-Pro-Tunc Judgment," Was "Issued February 11, 2009," Which Is "Five-Six (5-6) Years, After" Plenary Jurisdiction Expired." (R. #22, #39 - T.R.C.P. #329b (d)(H))

"Failure To Give All Interested Parties Notice Of The Application" or "Motion To Correct Judgment, By Nunc-Pro-Tunc," After," Expiration Of Trial Court's Plenary Jurisdiction, Renders Any Correction," A "Nullity." (W. Texas State Bank v. Genes. Mngmt. Corp. 78 SW.3rd 300 - T. T.R.C.P. #329b (d)(H), #316, #21(a) - Ex. #22, #29)

"Constitutional Guarantee Of Due Process, 'Requires' Notice And,' Opportunity To Respond." (Caldwell v. Haynes 201 F.3d 646-Ex. #22, #39 - T.R.C.P. #329b (d)(H), #316, #21(a))

"Writ Of Mandamus Will Issue,... 'If Trial Court 'Fails' To Observe A Mandatory Statutory Provision,... 'Failed Only A Particular Action,' or 'Exceeding A Right,' In Those Instances, Trial Court's Discretion Is Not Involved, And "It's Failure To Comply With The Mandatory Provision, Renders It's Order Or Judgment," To Be 'Void.' (Ex.: State Ex.Rel. Robinson, 116 SW.3rd 1.15 - T.R.C.P. #316, #21(a))

"Nothing," In The Record 'Affirmatively' Shows That Respondent Complied With The Mandate," Of, 'Tx.Rules Of Civil Procedure, Rule #316, And Rule #21(a)."

And, 'Said Nunc-Pro-Tunc Judgment,' 'Fails,' To 'Correct A Clerical Error.' (Hernandez v. Lopez 288 SW.3rd 180 - Ex. #22, #39 - T.R.C.P. #316, #329b(d))

# -Cause#940376-
## -ARGUMENT-
## VI -NO ADEQUATE REMEDY BY APPEAL- VI

"Relator 'Lacks' An Adequate Remedy By Appeal, To Attack," Said "Nunc-Pro-Tunc Judgement," because "True Issues For Felony Any Type Term Of Appeal," Have "All Expired."

However, "Because Said Nunc-Pro-Tunc Judgement," Is "Void," The "Relator Is 'Not' Required," To "Establish That Relator Has No Adequate Remedy By Appeal."

"If The Order Judgement Challenged By A Writ Seeking Mandamus," Is "Void," The "Party Need 'Not' Show," that "It Lacks An Adequate Appellate Remedy." (In Re: State Ex.Rel. Robinson, 116 SW.3rd 115 - In Re: Small, 356 SW.3rd 525)

"Mandamus Will Issue, To Vacate/Set-Aside, A 'Void Order' Even "When There 'Is' No Adequate Remedy By Appeal." (In Re: Flores, 111 SW.3rd 817 - In Re: Nixon, 276 SW.3rd 592 - In Re: Off. Attorney-Gen. Of Texas, 264 SW.3rd 800)


## -ARGUMENT-
## VII - No Adequate Remedy By Law - VII

"Relator Lacks An Adequate Remedy By Law, To Attack," Said "Nunc-Pro-Tunc Judgement," Because "Said Nunc-Pro-Tunc Judgement, Was Rendered On February 11, 2009," (Ex. 39) Thus, "Pursuant To T.R.C. No. 3396(a)(1)," The "Trial Court's Plenary Jurisdiction, Expired On," Or "No Later Than (March 13, 2009) 30 [Thirty] Days After Said Nunc-Pro-Tunc Judgement Was Signed," And "law, The Court, Lacks Jurisdiction To Grant New Trial Thirty [After] Days After Said

## CAUSE #940376

"Nunc Pro Tunc Judgment," And "Time Limit For Filing A Bill Of Review Has Expired" (Alexander-Lopez, 85 SW 3d 180-T.R.C.P. #329b(d)(4))

However, "Because Said Nunc-Pro-Tunc Judgment," "Is Void," The "Relator Is Not Required To Pursue Future Available Remedies."

"While Trial Courts Order Is Void," It Is "Unnecessary For Relator To Show" That "Relator Pursued Other Available Remedies," And "Mandamus Will Issue Regardless," 25 SW3d 338-In Re: Lendell Hoys, 969 SW 2d 520-S.Hartsfield v Hartsfield."

"Because Trial Courts Charges Are Void," A "Relator Can Secure Mandamus Relief Without Showing," That "He Has No Adequate Remedy At Law." (Anderson Hyde-board-v Hathorn, 893 SW 2d 602-Tns.In-Petsner, 813 SW2d 658-Eagle Signal Corp-v Mozee, 766 SW 2d 39-T.R.C.P. #316, 21(a), 329b(d)(4).)

Also, "Since Trial Court Lost Plenary Jurisdiction, Thirty/30 Days After," Said "Nunc-Pro-Tunc Judgment Was Signed," Then "The Respondent's Request, And/Or Refusal By Respondent/Trial Court Is Excused," Because "Even A Request Would Be Futile," And "Respondent's Refusal A Mere Formality," And "The Relator's Motion To Vacate" Said Nunc-Pro-Tunc Judgment, Was Filed On/Or About January 04, 2020, Then By Written Order," Said Motion To Vacate Nunc-Pro-Tunc Judgment, "Is Denied/Denied."

### -PRAYER-

Wherefore Premises Considered, Relator Prays That, "This Court Shall Declare Said Nunc-Pro-Tunc Judgment," To Be "Void," Order Respondent To Immediately Vacate/Set-Aside Said Nunc-Pro-Tunc Judgment, Declare The Twenty-Five Year Sentence Imposed In Cause #940376, To Be An Illegal Sentence And A Void Sentence, Declare That Relator's Conviction In Cause #940376 Was Not A Final Judgment, Declare That Texas First Court Of Appeal's Judgment In Cause #01-03-00633-CR Which Affirmed Conviction In Cause #940376 Is Void Due To Lack Of Jurisdiction To Review Direct Appeal, Remand Cause #940376 To Trial Court (174th) For New Trial On Punishment And/or New Sentence As Well As Any & All Other Relief Relator May Be Entitled To, At Law" And Under The Texas

## -Cause # 940376-

## -Certification-

"I, Ted Lawrence Robertson, #1175868, Certify That I Have Reviewed This Petition, And Concluded That Every Factual Statement, In This Petition, Is Supported By Competent Evidence, Included In The Appendix Or Record."

*Ted L. Robertson (Pro Se)*

## -APPENDIX-

Appendix Includes, The Following:

① "Original Written Renunciation Of Judgment, In Cause #940376"
Relator's Exhibit #33 - Certified Document #134139435

② "Nunc-Pro-Tunc Judgment, In Cause #940376, Entered February 11, 2009"
Relator's Exhibit #29 - Certified Document #41069959

-Texas Rules Civil Procedure #316-Correction Of Clerical Errors In Judgment:
"Clerical Mistakes....May Be Corrected By Judge In Open Court,.... After Notice Of The Motion Has Been Given To The Parties, Interested In Said Judgment, As Provided By Rule #21(a)."

Texas Rules Civil Procedure #21(a)-Methods Of Service:
"Every Notice Required By These Rules, And Every Pleading, Plea, Motion, Or Other Form, Of Request, Required To Be Served Under Rule 21,.... May Be Served By;.... "Certified Or Registered Mail, To Parties Last Known Address...

## -Cause No. 376-

## -Certificate Of Service-

"I, Ted L. Robertson, #1175868, Being Presently Confined At Michael Unit, Of T.D.C.J., Declare Under Penalty Of Perjury, That The Foregoing Is True And Correct, And That A True And Correct Copy Of This Document, Was Sent By Regular U.S. Mail, To Respondent Judge Ruben Guerrero, In 174th Harris County District Court, At 301 Franklin, Houston, Tx. 77002, By Presenting Same/Said Document, In Boxto, Unit's Internal Mail, Postage Prepaid,' On 'June 24, 2019.'"

(Ted L. Robertson (Pro-Se)

## -Affidavit Of Inability To Pay Costs-

"The Following Affidavit, Is Made Pursuant To The 'Texas Rules Of Civil Procedure, Rule 145', And/Or 'Title #6, Chapter #132, Of Texas Civil Practice And Remedies Code:'

Now Respectfully Comes Relator, Ted L. Robertson #1175868 And 'Declares That I Am Unable To Pay The Court Costs, In This Civil Action, And 'Request Of The Court To Proceed In Forma Pauperis', In This Civil Action, And Would Show The Court, The Following:'

① I Am Presently Confined At The Michael Unit, Of T.D.C.J., 'Where I Am Not Allowed To Earn, Or Handle Money,'

② I Am 'Zero' Current Employment Income,

③ I Am 'Zero' Government Entitlement Income,

④ I Have 'Zero' Source Of Other Income,

⑤ I Have 'Zero' Spousal Income,

- Cause #940376

(6) I currently have 'Zero' dollars credited to my inmate trust fund,

(7) I have 'Zero' cash,

(8) I have 'Zero' checking or savings account,

(9) I have 'Zero' stocks, insurance, and/or trust fund,

(10) I have 'Zero' other assets,

(11) During inmate's confinement in T.D.C.J., relative has received approximately, 'Forty ($40.00) dollars per month,' as 'gifts from family and/or friends,'

(12) I neither own, nor have interest in any, realty, stocks, bonds or bank account, and have received 'Zero' interest, dividends or income from any source,

(13) I have 'Zero' dependants,

(14) I have total debts of approximately $10,000.00 - (ten-thousand dollars),

(15) I have/owe approximately $500.00 (five-hundred dollars) in court costs,

(16) I have 'monthly expenses' of approximately '75.00 (seventy-five dollars),

(17) I have 'Zero' ability to obtain a loan for court costs,

(18) No attorney has provided free legal service to relator, with or without a contingency fee,

(19) 'No attorney' has agreed to pay for advance court costs."

"I am unable to pay the court costs. I verify that the statements made in this affidavit, are true and correct.



## Cause No. <u>940376</u>

### The State of Texas
v.
### <u>ROBERTSON, TED</u>

a/k/a _____

In the <u>174th</u> District Court  or  County Criminal Court at Law No. _____
Harris County, Texas

### ENTRY OF JUDGMENT NUNC PRO TUNC

Today, the Court held a hearing on

☐ the State's written motion for judgment nunc pro tunc.

☐ the Defendant's written motion for judgment nunc pro tunc.

☒ its own motion.

Satisfied from its own recollection and / or from the evidence presented the Court grants the motion and **ORDERS** entry of the following judgment in the minutes of the Court in the above styled and numbered case to make the following correction:

<u>PLEA TO ENHANCEMENT PARAGRAPHS IS NOT TRUE. FINDINGS ON</u>
<u>ENHANCEMENTS IS TRUE.</u>

☒  If applicable, the judgment nunc pro tunc supersedes the erroneous judgment previously entered and attached.

Signed this date:  <u>February 11,</u>
<u>2009</u>.

_____
Judge Presiding

Certified Document Number: 41069959 - Page 3 of 5



# JUDGMENT ON PLEA BEFORE JURY
## COURT/JURY ASSESSING PUNISHMENT

CAUSE NO. **940376**

THE STATE OF TEXAS

VS.

**TED ROBERTSON**

(Name of Defendant)

AKA _____

IN THE **174** DISTRICT COURT

COUNTY CRIMINAL COURT
AT LAW NO. _____

OF HARRIS COUNTY, TEXAS

| | | | |
|---|---|---|---|
| Date of Judgment: **6-10-2003** | Date Sentence Imposed: **6-10-2003** | Sentence to Begin: **11/7/2002** | Date of Offense: **3/2/2002** |

Attorney for State: **T. BENNETT & LINCOLN GODWIN**

Attorney for Defendant: **N/A**   ☒ Defendant Waived Counsel **PRO SE**

Offense Convicted of:

☐ A MISDEMEANOR, CLASS: A | B | C   ☒ A FELONY, DEGREE: SJ | ③ 3rd | 2nd | 1st | CAPITAL

Jury Verdict: **GUILTY**   Foreperson: **LARRY GENE DURAND**

(Circle appropriate selection — N/A = not available or not applicable)

Plea to Enhancement Paragraph(s): 1st Paragraph True | (Not True) | N/A   2nd Paragraph True | (Not True) | N/A   Charging Instrument: Complaint (Indictment) Information

Findings on Enhancement(s): 1st Paragraph (True) | Not True | N/A   2nd Paragraph (True) | Not True | N/A   Plea: Guilty | Nolo Contendere | (Not Guilty)

Affirmative Findings:

Deadly Weapon: (Yes) | No | N/A   Family Violence: Yes | No | (N/A)   Victim Selected by Bias/Prejudice: Yes | No | (N/A)   Victim Younger Than 17 years: Yes | No | (N/A)   Controlled Substance Used to Commit Crime: Yes | No | (N/A)

Punishment Imposed by COURT | (JURY)   (Mark all that apply)

and Place of Confinement:

**25 YEARS TDC**

☒ Institutional Division, TDCJ
☐ State Jail Division, TDCJ
☐ Harris County Jail

☐ Sentence suspended, Defendant placed on community supervision for **N/A**

☐ SEE SPECIAL INSTRUCTIONS, incorporated herein by reference.

Fine in the Amount of: $ **N/A**   ☐ Fine Only

| | | | |
|---|---|---|---|
| Time Credited: **N/A** | days toward incarceration **N/A** | days toward fine and costs **N/A** | days toward incarceration, fine and costs **N/A**   COURT COSTS: $ **358** |

(Mark appropriate selections below, if applicable) **N/A**

☐ Name changed from _____

☐ Judgment Addendum incorporated herein by reference.

☐ Driver's license is suspended for a period of **N/A** days/months/years.

☐ The Defendant is entitled to **N/A** days credit toward suspension of driver's license.

☐ It is ordered by the Court, that any weapon(s) seized in this case is/are hereby forfeited.

☐ Educational program waived in accordance with Article 42.12 Sec. 13 (h), upon a finding of good cause by the Court.

☐ In accordance with Section 12.44(a), Penal Laws of Texas, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. The Defendant is adjudged to be guilty of a state jail felony and is assessed the punishment indicated above.

☐ In accordance with Section 12.44(b), Penal Laws of Texas, the Court authorizes the prosecuting attorney to prosecute this cause as a Class A misdemeanor. The Defendant is adjudged to be guilty of a Class A misdemeanor and is assessed the punishment indicated above.

1 of 2

Certified Document Number: 41069959 - Page 4 of 5



This cause being called for trial in Harris County, Texas, unless otherwise referenced, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above; or the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above in writing in open court, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreperson and eleven others for a felony offense indicated above or the above named foreperson and five others for a misdemeanor offense indicated above, was duly selected, impaneled, and sworn, the jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and the defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

The Defendant having previously elected, in writing and at the time of his plea, to have punishment assessed as indicated above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS CONSIDERED, ORDERED, AND ADJUDGED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant as indicated above. Further, the Court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, code of Criminal Procedure.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice (TDCJ) that the Defendant be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division or the State Jail Division, TDCJ, or any other person legally authorized to receive such convicts, and said Defendant shall be confined in the Institutional Division or State Jail Division, TDCJ for the period indicated above, in accordance with the provisions of the law governing the Institutional Division or State Jail Division, TDCJ. The Defendant is remanded to the custody of the Sheriff of Harris County until said Sheriff can obey the directions of this sentence.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Harris County Jail that the Defendant is remanded to the custody of the Sheriff of Harris County, Texas, unless the Defendant is instructed to voluntarily surrender to the Sheriff on the date the sentence is to begin, as indicated above. The Sheriff shall confine the Defendant in the Harris County Jail for the period indicated above, and until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that if the punishment assessed against the defendant is for a fine only, the Defendant is ordered to immediately proceed to the Office of the Harris County Sheriff and pay all fine and court costs as ordered by the Court in this cause, unless the Court orders the Defendant to be committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to begin, as indicated above, to be confined in the Harris County Jail until the fine and costs are fully satisfied in accordance with law, or as indicated above.

IT IS ORDERED by the Court that the sentence indicated above is to be executed, unless it is indicated above that the sentence is to be suspended, and if so, the Defendant is placed on community supervision for the period indicated above pending his abiding by and not violating the terms and conditions of his community supervision.

IT IS ORDERED by the Court that this sentence runs concurrent with any other sentence(s) unless it is indicated on the Judgment Addendum that the sentence is to run cumulatively.

Signed and entered on ___6-11-2003___

X /s/ GEORGE GODWIN

GEORGE GODWIN

JUDGE PRESIDING

Community Supervision
Expires on: ___N/A___

Notice of Appeal: ___6-10-2003___

Mandate Received: ___8-24-05 AFFIRMED___

After Mandate Received, Sentence to Begin Date is: ___11/7/02 WITH 0 DAYS CREDIT___

Received on _____ at _____ AM | PM.
Sheriff, Harris County, Texas

By: _____ Deputy

| Entered | _____ |
| Verified | _____ |
| LCBT | _____ |
| LCBU | _____ |

Right Thumbprint

SPECIAL INSTRUCTION OR NOTES: _____
_____
_____
_____

Certified Document Number: 41069959 - Page 5 of 5